## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **JIMMY LAMONT STONE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-22-87-G** |
| | ) | |
| **STATE OF OKLAHOMA et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### ORDER

On January 31, 2022, Plaintiff Jimmy Lamont Stone filed this civil lawsuit, identifying multiple defendants. Plaintiff's 90-day deadline to effect service expired on May 1, 2022. *See* Fed. R. Civ. P. 4(m). Pursuant to Rule 4(m), if a defendant is not served within this 90-day period, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.*

As May 4, 2022, however, Plaintiff had not requested the issuance of summons or ensured that a proof of service or waiver of service was filed with the Court as to any defendant. Nor had any defendant answered or otherwise indicated awareness of Plaintiff's lawsuit.

Accordingly, the Court directed Plaintiff to show cause in writing, within 14 days, why his claims should not be dismissed. *See* Order of May 4, 2022 (Doc. No. 5) at 1. This Order was mailed to Plaintiff at his address of record, and there is no indication from the docket that it was not received. As of this date, Plaintiff has not responded to the Court's Order and has not shown that service has been perfected on the defendants.

A plaintiff in a federal civil lawsuit is required to have each defendant served with a summons and a copy of the pleading by a date certain. *See* Fed. R. Civ. P. 4(c)(1), (m). Although Plaintiff is a pro se litigant, he is required to comply with the same rules of procedure governing other litigants, including Rule 4. *See DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993) (stating that pro se plaintiff was "obligated to follow the requirements of Fed. R. Civ. P. 4"). Thus, Plaintiff's failure to complete proper service upon a defendant within the prescribed time limit is grounds for dismissal of all claims against that party, absent any justification for this failure. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.").

Plaintiff has made no attempt to show "good cause" under Rule 4(m) for the failure to complete service, and no "good cause" is otherwise reflected in the record before the Court. Fed. R. Civ. P. 4(m). Notwithstanding Plaintiff's failure to show good cause, the undersigned still must consider whether a permissive extension of time to complete service of process is warranted. *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). The Tenth Circuit has noted that a permissive extension of time may be appropriate where "policy considerations might weigh in favor of granting a permissive extension of time." *Id.* at 842. In making this determination, the Court must consider: (1) whether "the applicable statute of limitations would bar the refiled action"; (2) whether the plaintiff tried to follow "the complex requirements of multiple service" when serving the United States,

its agencies, or employees; and (3) whether there is reason to protect a pro se plaintiff "from consequences of confusion or delay attending the resolution of an *in forma pauperis* petition." *Espinoza*, 52 F.3d at 842 & n.8 (internal quotation marks omitted).

Here, the undersigned finds no policy considerations meriting additional time for service. Plaintiff has made no request for additional time or assistance with service. The defendants are not current federal officers, and although Plaintiff is proceeding *in forma pauperis*, there is no apparent confusion or delay justifying an extension. Further, assuming Plaintiff's statute of limitations has expired, a dismissal under Rule 4(m) would not necessarily bar the refiling of Plaintiff's claims. Oklahoma's "savings statute" may save the claims because a Rule 4(m) dismissal represents a failure "otherwise than on the merits" within the meaning of title 12, section 100 of the Oklahoma Statutes. *Young v. Rios*, No. CIV-15-641-R, 2018 WL 2079509, at *2 (W.D. Okla. May 4, 2018). In other words, Plaintiff may be able to refile his claims within one year of dismissal without prejudice "although the time limit for commencing the action shall have expired before the new action is filed." Okla. Stat. tit. 12, § 100; *see Young*, 2018 WL 2079509, at *2.

Thus, the *Espinoza* factors weigh in favor of dismissal under Rule 4(m), and the Court discerns no other policy considerations that might warrant a permissive extension in this case. Further, Plaintiff has been warned that failure to accomplish service would result in dismissal and has been afforded an opportunity to justify his failure to do so. *See Smith v. Glanz*, 662 F. App'x 595, 596, 597-98 (10th Cir. 2016).

CONCLUSION

Accordingly, the Court DISMISSES WITHOUT PREJUDICE all claims alleged in Plaintiff Jimmy Lamont Stone's Complaint (Doc. No. 1) for failure of service under Rule 4(m) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED this 21st day of June, 2022.

CHARLES B. GOODWIN
United States District Judge